IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21143
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO MARTINEZ-ZAVALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-491-1
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Gerardo Martinez-Zavala pleaded guilty to an indictment charging him for being found illegally in the United States after deportation, a violation of 8 U.S.C. § 1326. Martinez-Zavala has appealed his conviction and sentence.

Martinez-Zavala contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. Martinez-Zavala acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Martinez-Zavala's argument is foreclosed.

Martinez-Zavala also contends that the indictment failed to charge an offense because it did not allege general intent. Because this issue was raised in the district court, the standard of review is de novo.  <u>United States v. Berrios-Centeno</u>, 250 F.3d 294, 296 (5th Cir. 2001).  In <u>Berrios-Centeno</u>, the court held that the defendant's indictment, which was identical to Martinez-Zavala's indictment, sufficiently alleged a general intent to reenter.  <u>Id.</u> at 298-99 & n.4.  The court reasoned that "the indictment fairly conveyed that Berrios-Centeno's presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General."  <u>Id.</u> at 299-300 (extending <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 233, 238-39 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 2600 (2001)).  Because Martinez-Zavala's indictment was identical to the indictment which the court found sufficient in <u>Berrios-Centeno</u>, this issue is without merit.  The judgment and sentence are

AFFIRMED.